Gaston, Judge,
 

 after stating the case as above proceeded as follows: As the appellees have chosen to submit the cause here without an argument on their part, and the decree contains no reference to the grounds upon which it was rendered, we are under the necessity of ascertaining these as well as we can by our own unaided suggestions. We much regret this necessity, since it is probable that considerations which influenced the judgment of the Court below, may altogether escape our notice. The decree we presume is founded upon the position that the legacies bequeathed to Margaret and Eleanor Ross were charged — either by express declaration of the testator, or .by the law of this Court — with the payment of the testator’s dffits — and that therefore so much of the fund in the plaintiff’s hands, as was produced
 
 by the
 
 sale of what had been Margaret’s share in these legacies, ought to be applied to the satisfaction of these debts,
 

 If this position.be admitted to be correct, we are nevertheless met with a difficulty, which in the present state of ^le parties and pleadings we apprehend is insuperable. The *s *n ^ie nature of an interpleader, in which the cestui que trusts on the one side, and the creditors of
 
 John
 
 S. Ross on the other, are the contending parties. Both of these parties are actors in the controversy, and each are to establish , . . , . , .... their respective claims. lhe latter base their claim to the subject matter in controversy on their being creditors of the sa^¿j j{,oss but the former denv the fact of their being creditors. It is indispensable then to the effectual assertion of this claim, to establish the legal existence and amount of the debts sa¡d to be charged on the estate of Ross; and how can this be done in a suit wherein there is no representative of Ross to litigate these matters ? If a bill be filed to subject property in the hands of a third person to the satisfaction of a debt wherewith it has been charged by the debtor, it is essential that the debtor be a party thereto.
 
 He
 
 is primarily liable, and the thing charged is to be applied
 
 *99
 

 only in
 
 aid of that liability. Whether he be debtor or
 
 not,
 
 and if debtor to what amount, are matters which cannot be determined until he had an opportunity of being heard upon them. So if a bill be brought against third' persons who have possessed themselves of the efFects of a deceased person, which are liable for the satisfaction of his debts, the executor or administrator of the deceased must be a party thereto. The executor or administrator is the representative of the deceased — appointed either by the deceased, or by the public authority to stand in his place — to enter upon
 
 a *> x x
 
 goods and chattels — to have action against his debtors — to perform his obligations as far as the assets thus collected will be adequate — and then to make such a disposition of the suplus as he has directed, or if he has been silent, such a disposition as the law presumes him to have intended. The representative of the deceased debtor must therefore be heard on the question of debt or no debt. NHe who is intrusted with the efFects with which debts are to be paid, and who, in respect thereof is primarily liable for those debts,must be a party where the aid of the Court is invoked against persons or property that may be liable in aid of him, or of the effects in his hands.
 
 State Bank
 
 v.
 
 Knox
 
 &
 
 M‘Morine,
 
 and Ante. 1 vol. rep. 53. There is another though a minor difficulty, because of the want of proper parties. The ere-ditors do not claim that the disputed fund shall be applied to the satisfaction of their demands
 
 in full.
 
 They insist that it is part of what was bequeathed to Margaret and Eleanor Ross as tenants in common, and that it ought to be applied rateably, with the part which the latter has received, to the discharge of a burthen imposed upon the whole. It follows clearly, then, that Eleanor Ross should be a party to controvert the claim.
 

 And in a be' the
 
 executor
 
 should be a party‘
 

 sons ciaim-inferestmin ^attoof* the legacy.
 

 The general creditors of a decedent have no lien upon his assets in the hands ofan assignee of a legatee unless by
 

 ' But upon the best consideration which we have been able to give to the subject, we have been brought to the conclusion that the specific articles bequeathed to Margaret and Eleanor Ross were not, in the proper sense of the term,
 
 charged
 
 with the payment of the testator’s debts. Certainly our law wills that
 
 all
 
 the debts of a deceased .person shall be satisfied to the full extent of
 
 all
 
 his property, both real and personal, and it has endeavored to make, and as we believe
 
 *100
 
 has made, effectual provisions for the accomplishment of this purpose.' But among these it has not charged the specific articles or subjects of property, with the debts. Even the heir may alien before action brought, and although
 
 he
 
 may he liable to creditors for the value, they have no' lien which enables them to pursue the land. Personal property is regarded as of a mutable and perishable character, and liens upon it are not readily-
 
 implied.
 
 The executor or administrator is liable-
 
 by reason
 
 of the assets — legatees or next of kin who have received their legacies or distributive portions, by reason of the obligation on them to refund — other persons obtaining the assets gratuitously, or'by collusion, by reason of the fraud manifested by the act, or of the trust implied from it; but there is no
 
 lien
 
 in favor of general creditors of the deceased against his goods and chattels. When á creditor has obtained a judgment against an executor or administrator, and issued his
 
 ji.fa.
 
 thereon, then he acquires the same lien against the things liable to execution, as every other execution creditor has against the property of his debtor. And as equity follows the law, if nothing can be obtained by
 
 legal
 
 process, a Court of Equity will aid the creditor to enforce his judgment against things which that court regards as part of the debtor’s estate, because of the lien so acquired by issuing the execution.
 
 Angel
 
 v.
 
 Draper,
 
 1 Ver. 399.
 
 Rambant
 
 &
 
 Co.
 
 v.
 
 Mayfield,
 
 1 Hawks 86.
 

 some rule °f equUy, ges him on fraiK™truBt or the like,
 

 But a lien was probably considered as expressly created by the testator. - From the terms of the decree, “ that the creditors are entitled to satisfaction- of their debts out of the funds in the hands of the plaintiff, arising from the
 
 assets
 
 of John S. Ross,” we collect that in the opinion of His Honor this charge was confined to the personalty bequeathed, and did not apply to the land devised in the first clause of the will to Eleanor and Margaret Ross ; and if there be a charge created by the words, “ except so much thereof as will pay my debts, which I think may be done by my crop growing thereon,” we believe that it is confined to the cattle, horses and other appurtenances mentioned in this clause. These were the subjects immediately anteceding the exception. The fund which he supposed would be first appropriated, and which he trusted would be sufficient, was of the
 
 *101
 
 character of appurtenances — “ the then growing crop.” Creditors could not wait until his sister Eleanor might arrive at age, and until that time at least, he contemplated that the plantation should continue entire, and the negroes, who are certainly given without any charge, were to remain thereon. , We do not think that it was the purpose of the testator by the language here used, to
 
 charge
 
 any part of his property
 
 to Ms creditors.
 
 It is to be recollected that the supposed subject of this charge is personalty, and personalty of that kind which is peculiarly perishable. We are to bear in mind that all legacies are
 
 by law
 
 postponed to debts, and that
 
 all
 
 the personalty comes into the hands of the executor subject to the demands of the testator’s creditors. When a testator therefore directs his debts to be paid out of a particular portion of a fund, all of which is by law primarily and directly applicable to the satisfaction of debts, the direction is, as between the legatees of different portions of this fund, which shall bear the burthen of the debts. We must be careful not to be misled in the construction of words like these, by a supposed analogy to the English decisions on the subject of charging
 
 lands
 
 by will for the payment of debts. In that country lands are not (or at least were not when those ... i \ v i i .. i » decisions were made) liable lor the payment ox the simple contract debts of the deceased7 He cannot alter the law and make them directly liable, but having a right to devise his lands, he may devise them either absolutely, or subject to any reasonable condition. When therefore a Court of Equity collects from a will so executed as to be effectual to pass lands, that the testator devises that his lands shall be subject to the payment of all his just debts, they give effect to this will in the only mode by which it can operate. They hold that it is a devise intrust for the payment of debts — that lands are by force of the will
 
 charged
 
 with the payment thereof. But we can find no case — no dictum — where that country a testamentary disposition is made of chattels, subject to the payment of debts, that the liability of those chattels
 
 to the creditor
 
 is in the slightest degree effected thereby. The testator can give no chattels but subject the payment of debts. All his chattels are immediately liable to his creditors. The chattels do not pass by his gift
 
 *102
 
 the legatee — but they
 
 go first
 
 to the executor, and the law has prescribed their liability, and his liability by reason thereof, t0 ^le creditors — and the liabilty of legatees, if the executor delivers them over without satisfying or providing for the satisfaction of their .demands. There is no ground from these words to presume a specific charge upon such chattels. But there is reason for holding that, as the testator desired that
 
 they
 
 should be so applied in preference to
 
 other
 
 parts of his personal property, the legatees of the latter, as between them and the legatees of the former, have a right to exoneration from the debts of the deceased.
 

 
 *101
 
 Difference personal airland with the . payment of de^ts — in case^sths
 
 all
 
 tbeper-question'is ”olely b.e' gatees for ltionX°nin" land for the cre-they3’have “Pe*
 

 
 *102
 
 The contending parties disagree whether the interest which Benjamin J. Spruill acquired in the chattels so bequeathed to his wife, was a legal interest. The
 
 cestui que
 
 trusts aver that the executor assented to the legacies, whereby the chattels bequeathed to Spruill’s wife became her property in law, and upon the marriage became his absolutely; but the creditors allegé, that they do not believe this, because the period for receiving the property had not then arrived. If by the period referred to they mean the time fixed for a division, they assign an unsatisfactory reason for that belief. The legatees were as competent to take jointly as severally, and the bequests are made to them, and not to the executor in trust for them. From a joint possession, an assent to a joint bequest is as presumable, as from a several possession that to a several legacy. The division was not to precede their possession — of course not to precede the assent to their legacy. If the question of lien depended on the fact whether there had been an assent or not, an inquiry, or an issue in regard to that matter should have been directed before pronouncing for such lien; but we think the question of lien is not affected by it. The plaintiff must account for the proceeds of the sales in his hands to those for whom he is express trustee, unless it is shown that they belong to others, and no other claim is set up to them here but as being liable, in his hands, to the general creditors of the deceased. This claim we think unfounded. If in'truth the things sold be yet in law the assets of John Ross’s estate, the decree in this cause cannot prevent the surviving executor, or any administrator
 
 de bonis non
 
 with the will annexed, who may be
 
 *103
 
 hereafter appointed, from asserting his right to the posses-sionr thereof; or be in the way of any crédito endeavoring to charge the proper representative of that estate with the value thereof, or otherwise subjecting them to the satis-, faction of his demand, as the assets of that estate.
 

 It is the opinion of this Court, that so much of the interlocutory decree as is appealed from, is erroneous and ought to be reversed — and it is ordered that the same be certified to the Court below.
 

 Per Curiam. Decree reversed.